THE ADAMS EXPRESS COMPANY v. REAGAN.

COMMON CARRIERS.—If a common carrier may limit his liability by an express contract, the limitation must be reasonable in itself, and not such as to operate as a snare or fraud upon the public.

SAME.—Where a package was shipped from Clayton, in this State, to Savannah, Georgia, during the war, when transportation was much interrupted, it was held that a condition that the carrier should not be liable for any loss, unless a claim therefor was presented within thirty days after the shipment at Clayton, was void.

APPEAL from the Marion Civil Circuit Court.

GREGORY, J.—The appellee was the plaintiff below. He sued upon an express receipt, which was made a part of his complaint, and is as follows:

"ADAMS EXPRESS COMPANY.    [Form 14.]

"Great Eastern, Western and Southern Express Forwarders.

"CLAYTON, INDIANA, January 24th, 1865.

"Received of A. S. Wills, one carpet valise, containing clothing; value, one hundred and seventy-five dollars,

marked *Maj. Z. S. Reagan, Savannah, Georgia,* in good order, which it is mutually agreed is to be forwarded to our agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation. It is part of the consideration of this contract, and it is agreed, that said express company are forwarders only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the carriers to whom the same may be by said express company entrusted, or arising from the dangers of railroads, ocean or river navigation, steam, fire in stores, depots, or in transit, leakage, breakage, or from any cause whatever, unless, in every case, the same be proved to have occurred from fraud or gross negligence of said express company or their servants; nor, in any event, shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured by them and so specified in this receipt, which receipt shall constitute the limit of the liability of the *Adams Express Company.* And if the same is entrusted or delivered to any other express company or agent, (which said *Adams Express Company* are hereby authorized to do,) such company or person so selected shall be recognized exclusively as the agent of the shipper or owner, and, as such, alone liable, and the *Adams Express Company* shall not be, in any event, responsible for the negligence or non-performance of any such company or person; nor, in any event, shall said express company be liable for any loss or damage, unless the claim therefor shall be presented to them at this office, within thirty days after this date, in a statement to which this receipt shall be annexed.

"All articles of glass, or contained in glass, or any of a fragile nature, will be taken at shippers' risk only, and the shipper agrees that the company shall not be held responsible for any injury by breakage or otherwise, nor for damages to goods not properly packed and received for trans-

The Adams Express Company *v.* Reagan.

portation. It is further agreed that said company shall not, in any event, be liable for any loss, damage or detention caused by the acts of GOD, civil or military authority, or by rebellion, piracy, insurrection or riot, or the dangers incident to a time of war.

"For the company,

"Freight $2 00, pd."                    S. B. HALL, Agent."

The complaint alleged that the appellant was, on the 24th day of *January*, 1865, a common carrier, and by her agent, *S. B. Hall*, as such carrier, received from *A. S. Wills*, one carpet valise, containing clothing, of the value of one hundred and seventy-five dollars, marked *Maj. Z. S. Reagan*, *Savannah, Georgia*, and executed the receipt heretofore set out; that the appellant had wholly failed and refused to deliver said valise and clothing to the appellee.

The appellant answered in two paragraphs. The first alleged that the appellant, in the execution of the contract, safely carried the valise to *Hilton Head*, on its way to *Savannah;* that the appellee had then left *Savannah* with the army, and was in the interior; that there was no communication with the army, and, by the order of the military authorities, all articles intended for the army were required to be collected at *Hilton Head* and remain there until communication was opened; that when communication was opened with the army, *via Wilmington*, the military authorities required the appellant to turn over the valise, with other articles in its custody intended for the army, to an assistant quartermaster, to be carried by such quartermaster to *Wilmington* for delivery; that in obedience to this order, the agent of the company did surrender the valise to the military authorities for conveyance and delivery to the appellee at *Wilmington*, and had not had the custody or control of the valise since that time.

The second answer was a general denial.

The appellee demurred to the first paragraph of the answer, and the demurrer was overruled.

The appellee replied in two paragraphs. The first, that there was no written order made in relation to the valise, and the persons making them were at a post and had the means of giving them in writing. The second was a general denial.

The cause was submitted to the court for trial. The receipt sued on was introduced in evidence. It was also proven that *A. S. Wills*, the appellee's agent, delivered to the appellant's agent, upon the execution of the receipt, a valise containing wearing apparel of the value of one hundred and seventy-five dollars; that *Wills* had been instructed by the appellee not to ship the articles by express until the company would become responsible for their delivery to him, and that this instruction was communicated to the appellant's agent; that the appellee's agent delayed shipping the valise for a month or more, until *Savannah* was taken by the federal troops, when he delivered the valise to the appellant, on the 24th of *January*, 1865, and the receipt was executed; that the appellant delivered other articles shipped about the same time, from the same office, to persons in the appellee's regiment; that the appellee sought his valise at the place of delivery, but it was not found and has never been delivered to him.

The court found for the appellee and assessed his damages at one hundred and seventy-five dollars. The appellant moved for a new trial, but the court overruled the motion and rendered final judgment on the finding.

It is claimed that the complaint is defective in not averring that the statement of the claim for the loss of the valise was presented to the company at their office at the place of shipment within thirty days after the date of delivery. This case turns upon the validity of the stipulation in the receipt of the company to the agent of the owner of the valise, that "in no event shall said express company be liable for any loss or damage, unless the claim therefor shall be presented to them at this office within thirty days after this date, in a statement to which this receipt shall be

annexed." It is urged that this being the express contract of the parties, the appellee cannot be excused from performing the condition by the inconvenience, difficulty, or even impossibility of its performance.

It is not necessary for us to go into an examination of the question as to whether a common carrier can limit his liability by express contract. We think it clear, if he can, it must be by conditions reasonable in themselves, and not such as will operate as a snare and a fraud upon the public.

We have been referred to the cases of *Wier* v. *The Adams Express Company*, in the District Court of *Philadelphia*, and *Lewis* v. *Great Western Railway Co.*, 5 Hurl. & Nor. 867. In the former case, the stipulation is, that the defendants shall not, "in any event, be liable for any loss or damage, unless the claim therefor shall be presented to them in writing, at their said office, within thirty days after the time when said property has or ought to have been delivered." In the latter case, it was provided that "no claim for deficiency, damage or detention will be allowed, unless made within three days after the delivery of the goods; nor for loss, unless made within seven days of the time they should have been delivered." These conditions were held to be reasonable. But in the case under consideration, the company, in a shipment of a package sent from *Clayton*, in this State, to *Savannah, Georgia*, at a time when the country was in an unsettled condition, occasioning great delays in shipments and in the transmission of the mails, attempt to incorporate into their contract a condition precedent, that they will not answer for any loss or damage, unless the claim therefor shall be presented to them, at their office at the former place, within thirty days after the date of the receipt; thus placing it in their power, by a delay, which, under the circumstances, would perhaps not have been unreasonable, to prevent any claim for loss or damage, however gross might have been their negligence. We think the stipulation in question void, as being against public policy.

We think the complaint good, and that the court below committed no error in overruling the appellant's motion for a new trial.

The judgment is affirmed, with costs.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellant.

*J. L. Ketcham* and *J. L. Mitchell*, for appellee.