## The Western Union Telegraph Co. v. Meek.

PRACTICE.—*Motion to Strike Out.*—It is not error to sustain a motion to strike out a paragraph of an answer that is no more than an argumentative denial, there remaining a paragraph of general denial.

PLEADING.—*Telegraph Company.*—In a suit under the statute, against a telegraph company, for damages arising from a failure to transmit a message correctly, if the complaint shows that the plaintiff engaged the defendant, and the defendant undertook to transmit the message, the mutual obligation of the parties is sufficient to maintain the action, though it be not alleged that anything was paid for the transmission of the message.

TELEGRAPH COMPANY.—*Regulations.*—*Statutory Obligations.*—A telegraph company cannot, by its own regulations in reference to repeating messages, etc., absolve itself from responsibility, under the terms of the statute, for special damages for negligence. 1 G. & H. 611, sec. 2.

SAME.—Nor can such company be exculpated from damages by showing that its line of telegraph was in good order, that approved instruments were used, and that faithful and competent servants were employed, if the particular act complained of shows negligence in the performance of duty.

SAME.—*What will Constitute Negligence.*—Where the terms of a message sent by telegraph are seriously changed, and the name of the sender entirely disfigured, either by the transmission or copying, it will import negligence on its face.

From the Owen Circuit Court.

*J. E. McDonald* and *J. M. Butler,* for appellant.

*J. C. Robinson* and *I. H. Fowler,* for appellee.

BIDDLE, J.—Complaint by appellee against appellant, for failing to properly transmit a telegram. Answer in four paragraphs. Trial by the court, finding for the appellee, followed by the proper steps to bring the case into this court.

Various alleged errors are complained of. A demurrer to the complaint was overruled. This was not erroneous; the complaint is good. The second, third, and fourth paragraphs of the answer were rejected on motion. There was no error in this. They amounted to no more than argumentative denials. The first paragraph was a general denial. The court allowed the appellee to amend his complaint during the trial. We cannot perceive that the amendment affected the rights of the parties in the least. The damages against the appellant, if any arise,

must legitimately flow from her own acts, and cannot be affected by a special contract between the appellee and his agent. There was no error in allowing the amendment. And for the same reasons it was not erroneous to allow evidence to go to the matters alleged in the amendment. The amendment and the evidence under it were not improper to show the agency of McKernan, and the right in the appellee to have the message properly sent.

The appellee resided in Spencer, Owen county, Indiana. He had engaged D. S. McKernan & Co. to sell for him certain real estate which he owned in the city of Indianapolis, where McKernan & Co. resided. The appellant had a line of telegraph from Indianapolis, by the way of Spencer, to Vincennes. On the 26th day of August, 1872, David S. McKernan, as the agent of the appellee, delivered to the appellant at Indianapolis, to be transmitted over her line of telegraph to the appellee at Spencer, the following telegram :

"To J. S. Meek, Clerk, Spencer, Owen county, Indiana: Can get four hundred dollars cash, two iron-clad, first-mortgage notes on city property—one six hundred in two years, one six hundred in three years, at six per cent. My commission is one hundred. Must answer by one.

"D. S. McKernan."

About one o'clock of the same day, the appellant, by her agent, delivered to the appellee, at Spencer, the following dispatch :

"To J. S. Meek, C'ty Clerk : Can get four hundred cash, two iron-clad, first-mortgage notes on city property, six hundred in two years, six hundred in three years, at six per cent. My commission on three hundred. Must answer by one.

"D. H. Mulusom."

Section 2, p. 611, 1 G. & H., enacts, that "telegraph companies shall be liable for special damages occasioned by failure or negligence of their operators or servants, in receiving, copying, transmitting or delivering dispatches," etc.

According to the regulations of the appellant, "all messages taken by this company are subject to the following terms : To guard against mistakes, the sender of a message shall order it

repeated, that is, telegraphed back to the original office. For repeating, one-half the regular rate is charged in addition. And it is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or for the non-delivery of any unrepeated message, beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery or for non-delivery of any repeated message beyond fifty times the sum received for sending the same, unless specially insured."

It is contended that, because it is not averred in the complaint that anything was paid for the transmission of the message, the appellant is not liable; but the complaint and evidence show us that the appellant was a common carrier of messages, and was engaged by the appellee's agent to transmit this particular message. The appellant thereby became entitled to her hire at the usual rates, and the appellee became liable therefor. We think that where the suit is for damages under the statute, as in this case, and not for the fixed penalty, such a mutual obligation is sufficient to maintain the case. When the appellant undertook to transmit the message, her obligation to perform her duty and her right to receive her hire attached.

It is also insisted that, because the appellant was not paid for repeating the message, according to the terms of her regulations, known to the appellee, she is not liable. We think otherwise. While it is competent for the appellant to establish proper rules and regulations for the transaction of her business affairs, which will bind those who transact business with her in the line of her duty, yet she cannot thereby limit any common law or statutory right, or absolve herself from any legal obligation. The statute above quoted fixes her liability, and she cannot by her own regulations avoid responsibility according to its terms; nor can she be exculpated from damages, by showing that she kept her line of telegraph in good order, with approved instruments and all proper appliances, and employed faithful and competent servants, if the

particular act complained of shows negligence in the performance of her duty.

We are of opinion that the message received by the appellee, when compared with that which the appellant undertook to transmit, imports negligence upon its face. The terms of the proposition were seriously changed, and the name of the sender entirely disfigured either by the transmission or copying.

The general principles which govern telegraph compaines were fully discussed, and the authorities supporting them amply cited, in *The Western Union Telegraph Co.* v. *Buchanan,* 35 Ind. 429. See, also, the case of *Western Union Telegraph Co.* v. *Ward,* 23 Ind. 377.

The judgment is affirmed, with ten per cent. damages.