No. 10,387.

### THE WESTERN UNION TELEGRAPH COMPANY v. ADAMS.

TELEGRAPH COMPANY. —*Failure to Transmit Message.*—*Penalty.*—*Complaint.* —*Corporation.*—A complaint against a telegraph company to recover the penalty fixed by statute, R. S. 1881, section 4176, which avers that the defendant was an electric telegraph company, doing business under the laws of this State, with a line of wire partly within this State, and engaged in telegraphing for the public, and in transmitting telegraphic messages for hire, sufficiently shows that the defendant is subject to the statute.

SAME.—*Contract.*—A telegraph company can not avoid the penal liability imposed by statute for failure to transmit a message correctly, by a contract fixing its liability at a less sum.

From the Tippecanoe Circuit Court.

*J. A. Stein* and *G. W. Collins,* for appellant.

*J. R. Coffroth, T. A. Stuart* and *W. C. Wilson,* for appellee.

ZOLLARS, J.—This action was brought in the court below by appellee, to recover of appellant the statutory penalty for a failure of duty in the transmission of a message. A demurrer to the complaint was overruled, appellant excepted, and has assigned the ruling for error in this court.

The only objection to the complaint pointed out is as follows: " The objection to the complaint upon demurrer is that it does not with sufficient directness charge that the defendant was an electric telegraph company, organized under the laws of the State, and doing business for the public." In support of this objection we are referred to the case of *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199.

The allegations of the complaint are, that the company " was on the 27th day of December, 1881, and for a long time prior thereto had been, and still is, an electric telegraph company, doing business under and by virtue of the laws of the State of Indiana, in that behalf enacted, with a line of wire partly within this State, and engaged in telegraphing for the public, * * and was then engaged in transmitting telegraphic messages for hire."

These allegations fully meet the requirements of the statute and former rulings of this court, and answer the objections urged by appellant's counsel. See late case of *Western Union Tel. Co.* v. *Roberts, ante,* p. 377.

The only other error assigned is the overruling of appellant's motion for a new trial. The position of counsel is that, by the use of one of appellant's blanks, appellee contracted away his right to maintain this action. The statute under which the action is brought is as follows:

" Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That every electric telegraph company, with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall, during the usual office hours, receive despatches, whether from other telegraphic lines or from individuals; and, on payment or tender of the usual charge, according to the regulations of such company, shall transmit the same with impartiality and good faith, and in the order of time in which they are received, under penalty, in case of failure to transmit, or if postponed out of such order, of $100, to be recovered by the person whose despatch is neglected or postponed : *Provided, however,* That arrangement may be made with the publishers of newspapers for the transmission of intelligence of general and public interest, out of its order, and that communications for and from offices of justice shall take precedence of all others." 1 R. S. 1876, p. 868; R. S. 1881, sec. 4176.

Upon the blank used by appellee there were printed regulations and conditions. So far as they are claimed to bear upon this case they are as follows: "All messages taken by this company are subject to the following terms: To guard against mistakes or delay the sender of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this one-half rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for the

non-delivery of any unrepeated message, whether happening· by negligence of its servants or otherwise, beyond the amount received for sending the same."

The message in this case was not repeated. It may be con-- ceded that by the use of the blank appellee became a party to the agreement printed thereon. What the force and effect of that contract would be, and how far binding upon appellee, if· this were an action for civil damages, we need not decide in this case.· This is not an action for civil damages, but for the recovery of a penalty under the statute. If the regulation and contract is such as the company may lawfully make un-- der statute, appellee is bound by it, and can not maintain this action. Has the company power to make and enforce the contract, and thus defeat the object of the statute? This ques-· tion has been answered in the negative in former decisions of this court. We are satisfied with the reasoning and conclu- sions in those cases. *Western Union Tel. Co.* v. *Buchanan,* 35. Ind. 429 (9 Am. R. 744); *Western Union Tel. Co.* v. *Meek,* 49 Ind. 53.

It follows from what we have said that the trial court did not err in overruling the demurrer to the complaint and the motion for a new trial.

The judgment is affirmed, at the costs of appellant.