No.· 10,394.

THE WESTERN UNION TELEGRAPH COMPANY v. JONES.

TELEGRAPH COMPANY.—*Failure to Transmit Message.—Contract.—Penalty.*—
While a telegraph company can not, by·contract, avoid the liability for
the penalty imposed by R. S. 1881, section 4176, it may contract that a
claim for that penalty shall be made to it within a reasonable time, and
in the absence of special circumstances, sixty days is not unreasonable.

From the Superior Court of Tippecanoe County.

*J. A. Stein* and *G. W. Collins,* for appellant.

*R. P. Davidson, C. D. Jones* and *A. K. Aholtz,* for appellee.

ELLIOTT, J.—A telegraph company engaged in transmitting messages for the public can not by contract evade the penalty prescribed by statute for a breach of a duty imposed by law. *Western Union Tel. Co.* v. *Buchanan,* 35 Ind. 429; S. C., 9 Am. Rep. 744; *Western Union Tel. Co.* v. *Meek,* 49 Ind. 53; *Western Union Tel. Co.* v. *Adams,* 87 Ind. 598; S. C., 44 Am. Rep. 776.

It is the general rule that telegraph companies, common carriers and others engaged in pursuits of a like character, affecting the interests of the community at large, can not by contract absolve themselves from the duty to use reasonable care and diligence, but this principle does not *go to the extent* of denying them a right to make reasonable rules and regulations, nor does it preclude them from incorporating in their contracts with those with whom they deal, just and reasonable provisions limiting their liability. How far the right to limit the liability extends is not very distinctly defined, and there is much diversity of opinion upon the question; but that there is a right to make some limitations is very generally declared by the adjudged cases. *Adams Ex. Co.* v. *Fendrick,* 38 Ind. 150.

Individuals have a right to limit by contract the time within which actions shall be brought in case of a breach, and if the limitation is a reasonable one, it will be enforced although it

may be different from that prescribed by statute.  Wood Lim. 80.  This principle was applied to telegraph companies in *Wolf* v. *Western Union Tel. Co.*, 62 Pa. St. 83 (1 Am. R. 387), and it was said : "But clearly it is not unreasonable that a telegraph company should require notice of claims for its defaults within a reasonable time before being held to answer for the alleged default.  From the very nature of its business, this may be essential to its protection against unfounded claims." A like ruling was made in *Young* v. *Western Union Tel. Co.*, 65 N. Y. 163.  The question as to the right of common carriers to limit by contract the time within which claims for damages must be presented is elaborately discussed in *Express Co.* v. *Caldwell*, 21 Wall. 264, and it was held that they might exercise the right, the court saying : "Our conclusion, then, founded upon the analogous decisions of courts, as well as upon sound reason, is that the express agreement between the parties averred in the plea was a reasonable one, and hence that it was not against the policy of the law.  It purported to relieve the defendants from no part of the obligations of a common carrier.  They were bound to the same diligence, fidelity, and care as they would have been required to exercise if no such agreement had been made.  All that the stipulation required was that the shipper, in case the package was lost or damaged, should assert his claim in season to enable the defendants to ascertain the facts ; in other words, that he should assert it within ninety days."  A limitation to thirty days was held valid in *Southern Ex. Co.* v. *Caperton*, 44 Ala. 101.  The case of *Lewis* v. *Great Western R. W. Co.*, 5 H. & N. 867, is regarded as a leading case upon this subject, and has been uniformly approved by our American cases, in so far at least as concerns the general principle involved.  In that case it was held that a limitation of seven days was neither against public policy nor against law, and that it was not unreasonable.  *Western Union Tel. Co.* v. *Carew*, 15 Mich. 525 ; *Breese* v. *United States Tel. Co.*, Tel. Cases, 663.  In *Adams, etc., Co.* v. *Reagan*, 29

Ind. 21, the case was referred to and treated as expressing the law correctly, but it was held that under the facts of the particular case the stipulation was an unreasonable one. The English case cited is approved by the Supreme Court of Wisconsin, in *Heiman* v. *Western Union Tel. Co.*, 16 Reporter, 349, and it was held that a contract similar to that here under discussion was reasonable and valid. It is proper to observe that here the limitation is sixty days, while in the case referred to it was twenty days.

On principle and authority, it must be held that a telegraph company may, by contract, require claims based upon a failure to perform its duty to be brought to its notice within a reasonable time. In adopting this rule we do not run counter to our former decisions. What we here decide is, that a telegraph company may limit, by contract, the time within which claims based upon its default shall be brought to its notice, provided always that the limitation is a reasonable one. What we have heretofore decided, and again affirm, is, that a telegraph company can not contract for absolution from negligence. In *Western Union Tel. Co.* v. *Buchanan*, 35 Ind. 429, the authority of telegraph companies to make reasonable regulations is recognized, for it is said: "We think the question upon which the case depends is whether or not this was such a regulation as the company might lawfully make under the statute in question;" and the cases of *MacAndrew* v. *Electric Tel. Co.*, 17 C. B. 3; *Camp* v. *Western Union Tel. Co.*, 1 Met. (Ky.), 164, *Ellis* v. *American Tel. Co.*, 13 Allen, 226, and *Western Union Tel. Co.* v. *Carew, supra*, in which the general doctrine is distinctly affirmed, were cited, and the doctrine of these cases was not denied by the court, as appears from what is said on page 441 of the opinion.

The right of the sender of a message to the statutory penalty has for its foundation a contract, for without a contract no duty is owing him, and, if no duty, then no default. *Carnahan* v. *Western Union Tel. Co.*, 89 Ind. 526; *Rogers* v. *Western Union Tel. Co.*, 78 Ind. 169; S. C., 41 Am. R. 558.

The statute does not undertake to provide what contracts shall or shall not be made; the parties are left free to contract, restrained only by the general rules of law. It is not to the statute, then, that we are to turn for the rules which determine the right to contract and the effect of the stipulations embodied in the agreement, but to the general principles of law declared and illustrated by the adjudged cases.

The statute of New York contains a provision requiring telegraph companies to transmit messages with impartiality and good faith under penalty of $100 for every neglect or refusal so to do; and in *Breese* v. *United States Tel. Co.*, 48 N. Y. 132, it was urged upon the court that this provision precluded the company from contracting with the sender of a message limiting its general liability, but the court denied the correctness of this position. It was said in the course of the opinion, that "There is no limitation or restriction on their power to make such prudential rules, regulations and by-laws as they may deem necessary in the transaction of their business, except only that they shall not be inconsistent with the laws of this State or of the United States." If the authority to make by-laws for the regulation of business is not denied by the provisions of the statute, certainly that of making contracts, where mutual agreement is essential, can not be. The statute of Massachusetts requires telegraph companies to transmit messages faithfully and impartially, but the court held, in *Ellis* v. *American Tel. Co.*, *supra*, that this provision did not abridge the right of the company to make regulations not inconsistent with the general rules of law. It is true that the cases we have cited carry the doctrine of the right to contract for relief from liability further than our cases, and in this respect we can not approve them, but this, instead of weakening their force upon the point to which they are here cited, makes it all the more vigorous.

Our conclusion that the provision written in the contract between the parties, limiting the time within which claims shall be presented, is valid, does not lead to an affirmance of

the right of the telegraph company to neglect the duties imposed upon it, nor does it lead to an affirmance of a right to contract for relief against responsibility for negligence, nor does it put it in the power of the company to nullify or evade the law. All that logically results from our conclusion is that the parties may make a contract imposing a reasonable limit upon the right to present claims based upon its default, but this does not authorize the inference that a contract contravening the law or evading the statute may be valid, nor does it authorize the inference that a limitation may be made which will operate to impair the force of the statute by making an unreasonably short limit.

The penalty provided by the statute is given to one who contracts with a telegraph company for the transmission of a message, and it is not a penalty recoverable by public prosecution, but is one for which a civil action will lie. Nor is the civil action for the benefit of the public, for the formal right of action and the entire beneficial interest are exclusively in the individual who contracts with the company in the particular instance. The case is, therefore, entirely unlike public prosecutions for offences affecting the community at large, which are conducted by public officers and in which individuals have no private interest. Penalties given exclusively to private individuals may be compounded, while penalties prescribed for purely public offences can not be, even though part of the penalty be given to the informer. Buller's Nisi Prius, 196; *Anonymous*, Lofft, 155.

We think it clear on general principles that a telegraph company is not precluded from making a reasonable contract simply because a statute provides a penalty for a negligent performance of a duty or wilful misbehavior. We think, too, that the statute upon which the appellee's cause of action rests confers authority to make reasonable contracts, not contravening the general rules of law nor violating the provisions of the statute. This conclusion may be supported

on two grounds: *First.* Where a corporation is erected by statute, and there are no restrictive provisions, it possesses, as an incident of corporate existence, authority to make reason-able regulations for the transaction of corporate business. *Second.* The language of the statute is that the company shall receive despatches whether from individuals or other tele-graphic lines, and, on payment or tender of the usual charge, "according to the regulations of such company," it shall transmit despatches with impartiality and good faith, and this provision clearly implies authority to make reasonable regulations. Under this provision, read by the light of the ordinary rules of law, it is just to conclude that requiring a contract limiting the right to present claims to a reasonable time is a proper exercise of corporate authority.

Our conclusion is that the stipulation written in the con-tract of the parties, requiring all claims to be presented within sixty days, is, on its face, a reasonable and valid one.

It is a general rule that limitations imposed by contract may be waived. Wood Lim. 80, 81. Within this general rule cases like this fall, and a waiver may, no doubt, be shown, but a waiver can not be presumed; facts constituting it must be pleaded. So, too, circumstances may excuse the party from presenting the claim within the time prescribed; but the facts constituting the excuse must be made to affirmatively appear. And so, too, facts may be shown which, in the particular case, as held in *Adams, etc., Co.* v. *Reagan, supra,* would constitute the limitation an unreasonable one; but, until such facts are shown, a limitation, reasonable on its face, must be sustained as a valid and enforceable stipulation of the contract of the parties.

A limitation by contract does not operate until a party has had notice of his rights, or by the exercise of ordinary dili-gence might have had notice, and, therefore, the right of a sender of a message would not accrue until he had notice of the default of the company, or by the exercise of ordinary dil-

igence could have had notice. But where an answer states facts constituting a *prima facie* defence, facts avoiding it must be affirmatively pleaded.

In the present case the question comes to us upon a demurrer to the answer setting forth the contract containing the stipulation referred to, and on the ruling on the demurrer our decision must be given.

Judgment reversed, with instructions to overrule the demurrer to the second paragraph of the answer, and to proceed in accordance with this opinion.

Filed Jan. 23, 1884.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—It is argued that the limitation in the contract extends only to actions for damages, and not to actions for penalties; but we think this is giving a more restricted meaning to the clause in the contract than it should receive.

The context of the agreement shows that it was intended that all claims for breach of contract or of duty should be presented within sixty days. The word " claims" is one of very broad meaning, and embraces every species of legal demands. *Vedder* v. *Vedder*, 1 Denio, 257; Coke Litt. 291, *b*.

We have often decided that a contract is essential to the right to demand the penalty, and if the parties have a right to contract, then it must follow that they may make reasonable stipulations, provided that they do not operate to defeat, restrict or impair the operation of the statute. It is true that the contract can not, in any way, limit or control the operation of the statute, but it may prescribe a reasonable time within which such claims shall be presented, for this does not contravene the provisions of the law, as declared by any statute or decision. In *Western Union Tel. Co.* v. *Adams*, 87 Ind. 598, ZOLLARS, J., thus stated and answered the question involved in that case : " Has the company power to make and enforce the contract, and thus defeat the object of the stat-

ute? This question has been answered in the negative in former decisions of this court." The difference between the case cited and the one at bar is very obvious. Here there is no attempt to limit or impair the operation of the statute; nothing is taken from the duty imposed on the telegraph company, nor is that duty lessened or circumscribed in any particular. The duty is left undiminished, but a limitation is fixed within which a claim for loss or injury resulting from a breach shall be made. It is one thing to limit a duty, and quite another thing to prescribe a time for making a claim based on the non-performance of that duty. The cases cited in the original opinion fully sustain the power of the telegraph company to make reasonable rules and regulations, and a rule embodied in the contract that the claim shall be presented within sixty days is unquestionably a reasonable one.

It is clear from the whole contract that the purpose of the clause requiring claims to be presented within sixty days was to secure the presentation of all claims, and not merely claims of a particular class. We think that in order to carry into effect the evident intention of the parties, and to give the clause the meaning which the context shows it should have, it must be held that all claims, which will confer a right to a recovery in money for a breach of contract or of duty, must be presented within sixty days. In a broad sense, the word "damages" means that which is assessed in the plaintiff's favor as the amount of his recovery, and the statutory penalty is in this sense "damages." In the precedents of declarations for penalties given by statute, the conclusion is to the damage of the plaintiff, and the form of the judgment is that the plaintiff recover the damages assessed. Oliver Prec. 690, 691.

Petition overruled.

Filed May 7, 1884.