Filed Jan. 24, 1884.

---

No. 10,870.

WESTERN UNION TELEGRAPH COMPANY *v.* YOUNG.

TELEGRAPH.—*Failure to Transmit Message.*—*Penalty.*—*Complaint.*—A complaint to recover a penalty given by statute for failure to transmit a telegraph message need not aver non-payment of the penalty.

SAME.—*Contract.*—*Limiting Liability.*—In a suit against a telegraph company for the penalty of $100 given by statute for failure to deliver a message, an answer, alleging a contract with the plaintiff stipulating that the liability should be limited to twenty-five cents, is bad because the contract is invalid.

PLEADING.—*Construction of.*—A pleading must be considered with reference to the general theory on which it proceeds, and if not good in that respect it is bad.

INSTRUCTIONS.—*Practice.*—Instructions must be considered as a whole, and if together they present the law of the case correctly and without contradiction, objections to any of them separately will not be available.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.

*J. R. East* and *W. H. East*, for appellee.

ELLIOTT, J.—This action was brought by the appellee to recover the statutory penalty for the failure of the appellant to transmit and deliver a message.

It is said that the complaint is bad because it does not aver that the penalty is unpaid, but we deem this position untenable. The purpose of such an allegation in an action on a contract is to show a breach by non-payment, but in actions on torts or for penalties there is no necessity for showing a failure to pay the damages or the penalty.

Complaint is made of the ruling on demurrer to the third paragraph of the answer. The general theory of this paragraph is that the company was absolved from liability by a contract with the sender of the message, stipulating that the extent of the liability should be twenty-five cents, and as such a contract is invalid the answer is bad. *Western Union Tel. Co.* v. *Fenton*, 52 Ind. 1; *Western Union Tel. Co.* v. *Meek*, 49 Ind. 53; *Western Union Tel. Co.* v. *Buchanan*, 35 Ind. 429 (9 Am. R. 744); *Western Union Tel. Co.* v. *Adams*, 87 Ind. 598; S. C., 44 Am. R. 776.

A pleading is to be judged from its general tenor and scope, and not from detached or isolated allegations. Where, as here, the controlling theory upon which the pleading proceeds is that there is a contract absolving from liability, it must be good on that theory or it will not be good at all. A pleading assuming to proceed on a definite theory can not be made good on some other by casting into it isolated and subsidiary statements, which if fully pleaded in a separate paragraph might constitute a defence. *Mescall* v. *Tully*, 91 Ind. 96; *Platter* v. *City of Seymour*, 86 Ind. 323; *Johnston* v. *Griest*, 85

Ind. 503; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198); *Kimble* v. *Christie*, 55 Ind. 140.

The instructions, considered as a whole, and it is our duty to so consider them, express the law quite as favorably to the appellant as it had any right to ask.   It is not proper to detach one instruction from the others, and assail it on the ground that it does not fully or accurately state the law, for it is not to be expected that one instruction will do this.   All that can be reasonably asked is that the instructions, taken as an entirety, shall, without contradiction, present a clear and just view of the law to the jury.

The first instruction given by the court contains this statement:   "Where an electric telegraph company undertakes to transmit and deliver a message, it must be done with impartiality, in good faith, and in the order of time in which it was received, and if the defendant in this case has failed to do this, then the law gives the plaintiff in this case one hundred dollars."   It is apparent that the court was here stating in general terms the duty of the telegraph company, and as the general duty is correctly stated there is no error.   In another instruction the jury were told that if "the company in good faith attempted to deliver the message, but was unable to do so because of the fact that the address was uncertain and ambiguous, then the company is not liable."   And in another of the instructions it was said:   "You" (the jury) "are to decide from the evidence whether the defendant did transmit promptly and impartially said message, and after its receipt at Bloomington the defendant used all reasonable diligence to deliver the same and failed to do so, and that the reason of said failure was the ambiguous address, then you would have to find for the defendant."

We can not disturb the verdict on the evidence.

Judgment affirmed.

Filed Jan. 25, 1884.