Filed Dec. 8, 1885.

---

No. 11,923.

THE WESTERN UNION TELEGRAPH COMPANY *v.* McGUIRE.

TELEGRAPH COMPANY.—*Rule Requiring Transient Person Sending Messages to Deposit Money for Answer.*—A rule of a telegraph company, that transient persons sending messages which require answers must deposit an amount sufficient to pay for ten words, is reasonable and valid, and the company may, without liability, refuse to transmit a message until the deposit to pay for the answer is so made.

From the Clinton Circuit Court.

*J. R. Coffroth, T. A. Stuart, B. K. Higinbotham, J. A. Stein* and *M. Bristow,* for appellant.

*A. E. Paige, S. O. Bayless* and *W. H. Russell,* for appellee.

ELLIOTT, J.—The complaint seeks a recovery of the stat-

utory penalty for a failure to transmit a telegraphic message. The answer of the appellant is substantially as follows: " The defendant says that it did fail and refuse to transmit the message set forth in the complaint, but defendant says that the plaintiff was a stranger in Frankfort and a transient person therein; that the said message was one that required an answer; that the defendant has, and had at the time, as one of its general rules and regulations of business, regularly adopted for the government of the operators and agents of said company, the following rule: 'Transient persons sending messages which require answers must deposit an amount sufficient to pay for ten words. In such case the signal, " 33 " will be sent with the message, signifying that the answer is prepaid;' that the defendant's agent to whom said message was offered, informed the plaintiff of the existence of said rule and what said rule was, and that the amount required to be deposited was twenty-five cents; that thereupon the plaintiff refused to comply with said rule and make said deposit."

To this answer a demurrer was sustained, and on this ruling arises the controlling question in the case.

One of the incidental and inherent powers of all corporations is the right to make by-laws for the regulation of their business. There is no conceivable reason why telegraph corporations should not possess this general power; nor is there any doubt under the authorities that this power resides in them. *Western Union Tel. Co.* v. *Jones*, 95 Ind. 228 (48 Am. R. 713), *vide* opinion, p. 231, and authorities cited; *Western Union Tel. Co.* v. *Buchanan*, 35 Ind. 429 (9 Am. R. 744); *True* v. *International Tel. Co.*, 60 Maine, 9 (11 Am. R. 156); Scott & J. Law of Telegraphs, section 104.

Affirming, as principle and authority require us to do, that the telegraph company had power to make by-laws, the remaining question is whether the one under immediate mention is a reasonable one. It is established by the authorities that an unreasonable by-law is void. *Western Union Tel. Co.* v. *Jones, supra; Western Union Tel. Co.* v. *Buchanan, supra;*

*Western Union Tel. Co.* v. *Adams*, 87 Ind. 598 (44 Am. R. 776); *Western Union Tel. Co.* v. *Blanchard*, 68 Ga. 299 (45 Am. R. 480, see authorities note, pages 491, 492).

It is for the courts to determine whether a by-law is or is not an unreasonable one, and this is the question which now faces us.   1 Dillon Munic. Corp. (3d ed.), section 327; Scott & J. Law of Telegraphs, section 104.

We are unable to perceive anything unreasonable in the by-law under examination.   A person who sends another a message, and asks an answer, promises by fair and just implication to pay for transmitting the answer.   It is fairly inferable that the sender who asks an answer to his message will not impose upon the person from whom he requests the answer the burden of paying the expense of its transmission. The telegraph company has a right to proceed upon this natural inference and to take reasonable measures for securing legal compensation for its services.   It is not unnatural, unreasonable or oppressive for the telegraph company to take fair measures to secure payment for services rendered, and in requiring a transient person to deposit the amount legally chargeable for an ordinary message, it does no more than take reasonable measures for securing compensation for transmitting the asked and expected message.

We have found no case exactly in point, but we have found many analogous cases which, in principle, sustain the by-law before us.   *Western Union Tel. Co.* v. *Carew*, 15 Mich. 525; *Camp* v. *Western Union Tel. Co.*, 1 Met. Ky. 164; *Vedder* v. *Fellows*, 20 N. Y. 126; *Ellis* v. *Am. Tel. Co.*, 13 Allen, 226; *McAndrew* v. *Electric Tel. Co.*, 33 Eng. L. & Eq. 180; *Western Union Tel. Co.* v. *Blanchard*, *supra*, see authorities cited note, 45 Am. R., page 489; *Western Union Tel. Co.* v. *Jones*, *supra*.

Judgment reversed, with instructions to overrule the demurrer to the answer and to proceed in accordance with this opinion.

Filed Sept. 15, 1885; petition for a rehearing overruled Dec. 9, 1885.