# CHICAGO & ALTON R. R. Co.

## v.

## JAMES D. SIMMS ET AL.

1. DELAY IN TRANSPORTATION.—What is unreasonable delay of a common carrier to deliver depends on the character, extent and circumstances of the delay. The delay must be so unusual as to be more reasonably attributed to negligence of the carrier than to any of the causes of delay to which the transportation by reason of the mode, time, route or subject of the carriage, or other circumstances not implying negligence, is known to be exposed.

2. SPECIAL CONTRACT.—Where the shipment is made under a special contract which expressly provides that no claim for loss by delay in transportation shall be payable or recoverable, but shall be absolutely barred unless a written statement of it shall be made out and sent by the shipper to the general freight agent of the company within five days after such loss occurs, such agreement is valid and binding.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed December 4, 1885.

Messrs. BROWN & KIRBY, for appellant.

Mr. WM. A. CRAWLEY, for appellees.

PLEASANTS, J. On the 8th of January, 1883, appellees shipped 177 live hogs from Murrayville for East St. Louis, by the regular freight train of appellant, which left about 7 o'clock P. M. and generally reached its destination between 6 and 8 o'clock of the following morning, but did not on this occasion until three in the afternoon, when the market for that day was over. They thereupon brought this suit before a justice of the peace, to recover damages for the delay, and on appeal to the circuit court obtained a judgment on verdict for $48.54 and costs.

Appellee, J. D. Simms, testified that the lot was sold on the morning of the 10th, at $6.15 per cwt.; that the actual shrinkage was about fourteen pounds to the hog, being at least four

C. & A. R. R. Co. v. Simms.

more than had ever occurred in his experience of ten years in the business, when they arrived on time, and that he was obliged to buy five bushels of corn at a dollar a bushel for one extra feed in consequence of the delay. Notwithstanding the form of the questions put we do not think with counsel that his statement as to the extra shrinkage was matter of opinion. It was matter of inference rather, but being certain in amount and inevitable in character from the data of facts mentioned, was not objectionable for that reason. The loss—to the amount found by the verdict—was therefore exactly and fairly proved by the best evidence of which the case, from its nature, was susceptible.

Was appellant liable for it? By the common law the carrier's duty and implied obligation is to deliver without unreasonable delay, which is such as involves some want of ordinary care or diligence on his part. Story on Bailments, (9th Ed.) § 545 a; Hutchinson on Carriers, § 330; G. & C. U. R. R. Co. v. Rae, 18 Ill. 488; O. & M. R. R. Co. v. Dunbar, 20 Id. 628; G. W. Ry. Co., of Canada, v. Burns, 60 Id. 287; T. W. & W. R. R. Co. v. Lockart, 71 Id. 631; P. F. W. & C. R. R. Co. v. Hazen, 84 Id. 36; I. & St. L. R. R. Co. v. Juntgen, 10 Bradwell, 302–3; W. St. L. & P. Ry. Co. v. McCasland, 11 Id. 494. It is immaterial therefore whether this action be regarded as in case or assumpsit, the proof required to establish the right to recover being the same.

What is unreasonable delay will depend on its character, extent and circumstances. The fact that it is unusual can not of itself be conclusive, and may not be even slight or any evidence that it is unreasonable. It is entitled to no weight unless it be so unusual as to be more reasonably attributable to negligence of the carrier than to any of the causes of delay to which the transportation, by reason of the mode, time, route or subject of the carriage, or other circumstances not implying negligence is known to be exposed. Negligence is never presumed, and where the effect may be as well referred to a cause which does not impute it as to one that does, the jury has no right to find it, as for example where an unusual but not great delay of a train immediately follows a heavy snow storm.

The distance from Murrayville to East St. Louis is about seventy-five miles, and the delay beyond the usual time in this case was six or seven hours. By the established course of transportation, as was well known to appellees, the train by which they shipped was to wait at Roodhouse for the regular stock train from Kansas City to take it thence to East St. Louis, which usually arrived about 11 o'clock P. M., but on that night was six hours later.

This circumstance alone and unexplained, unless by the testimony of James D. Simms, who says, "it was a fearful cold night, as cold as I ever saw it," makes the entire case, as to negligence, against appellant.

Now it is well known that freight trains, especially those that carry live stock, though usually expected within certain limits of time, are quite irregular and often far behind, without a fault of anybody. It is due to the character of the business and to many circumstances which can not be anticipated controlled or provided against. Among these are conditions of the weather. Extreme cold, operating in various ways, may reasonably account for and excuse it. The fact that a live stock train from the western borders of Missouri is six hours behind its usual time at Roodhouse, in Greene county, Illinois, can hardly be accounted strong evidence of a want of ordinary care and diligence on the part of the appellant, or of its agents or employes, and considered in connection with the hindrances naturally interposed by extreme cold, is certainly very slight. Correspondingly slight evidence may therefore balance and overcome it. The chief train-dispatcher was asked on the part of appellant what caused the delay, and answered, "the cold weather," and this is all the explanation furnished by the testimony. It is true he did not say just how the weather caused it, nor was he asked. Counsel did not choose to cross-examine him or call a witness on the subject. The statement was received without objection. It was clear, direct and positive, not improbable in itself nor any way impeached, and negatived the essential charge of negligence. Why was it not conclusive? W. U. Telegraph Co. v. Hope, 11 Bradwell, 289.

C. & A. R. R. Co. v. Simms.

But, furthermore, the common law liability of the carrier may be limited in some respects by agreement. I. C. R. R. Co. v. Morrison, 19 Ill. 141 ; Same v. Frankenberg, 54 Id. 96–7 ; T. W. & W. R. R. Co. v. Lockart, 71 Id. 630 ; Arnold v. I. C. R. R. Co. 83 Id. 280 ; Erie Ry. Co. v. Wilcox, 84 Id. 239.

The shipment here was under a special contract, which expressly provided that no such claim for loss as this should be payable or recoverable, but should be absolutely barred unless a written statement of it should be made out and sent by the shippers to the general freight agent of the company within five days after such loss occurred. This court, upon the authority of many cases cited, held a like agreement valid and binding in W. St. L. & P. Ry. Co. v. Black, 11 Bradwell, 465. Appellees consented to make this condition precedent and utterly failed to prove its performance. The only claim made was made by J. D. Simms, and he says that he does not remember whether he mailed it or delivered it in person ; that he does not know who is the general freight agent of the company ; that he is under the impression he delivered it to the station agent at Murrayville, and should say he was not the general freight agent. It does not appear that the station agent or any other person sent or promised, or was requested to send it to the general freight agent. In short there is no proof whatever that it was sent to him, or that the company ever waived it. With the merit of this defense we have nothing to do, nor had the jury or the court below.

It is sufficient that it was legal and valid. The court should have set aside the verdict on defendant's motion, as being without evidence to support it and against the evidence.

To the error in refusing so to do the judgment will be reversed and the cause remanded.

Reversed and remanded.