CASE 84—PETITION ORDINARY—NOVEMBER 15.

# Owen & McKinney v. Louisville & Nashville Railroad Company.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. RAILROADS—CONTRACTS FOR SHIPMENT OF STOCK—WAIVER.—The stipulation in a contract with a railroad company for the shipment of live stock, by which it is agreed, on the part of the shipper, as a condition precedent to his right of recovery for injury to the stock, that he will give notice, in writing, of his claim thereof to some agent of the company before said stock is removed from the place of delivery, and before it is mingled with other stock, is reasonable, and will be enforced, unless it is waived by the company, or the conduct of the company has been such, with reference to the matter, as to preclude it from setting up the want of notice as a defense.

Appellants contracted with appellee to carry a horse from Shelbyville, Kentucky, to the fair grounds near Chicago, the contract containing the stipulation as to notice of claim for damages above referred to. In removing the horse from the cars at the place of destination he was injured. The fact of the injury, and of appellants' claim for damages, was not only known to the officers and agents of the company, but an actual examination of the horse made by a surgeon at the instance of the company. In his crippled condition the horse was brought back from Chicago on the same line of road and delivered at the same depot from which he was originally shipped. *Held*—That the removal, although at the instance of the owner, must be regarded as by the consent of both parties, and a waiver of the notice required by the contract.

2. SAME—UNSAFE PLATFORM.—Although the contract required the appellants to unload the stock, it was the duty of the company to provide a safe mode of delivery by having a platform suitable for the purpose of unloading stock; and if the agents of the company required appellants' agent to remove the horse from the car on a platform not ordinarily safe for the delivery of stock, and the horse was injured thereby, the company is responsible, although the agent of the owners may have been apprised of the danger.

3. CONTRIBUTORY NEGLIGENCE—PLEADING.—The defendant, by its answer, alleged that " in taking the horse from the cars the plaintiffs agents, by their negligence, and by reason of the wildness and unruliness of the horse, suffered him to jerk, rear and fall; but he was not hurt or otherwise injured thereby." These allegations were not

Owen & McKinney v. Louisville & Nashville Railroad Company.

denied by the reply. *Held*—That as it is not alleged that but for this negligence the horse would not have fallen from the platform, and all injury of any kind is denied, the defense does not amount to contributory negligence, and no reply was necessary.

4. SAME.—The right to plead contributory negligence is denied only in cases arising under the statute authorizing the recovery of punitive damages, where the life of one person has been lost by the willful neglect of another. Therefore, in an action to recover for the loss of property of one person by the neglect of another, contributory neglect may be pleaded, whatever the degree of neglect alleged in the petition.

BROWN, HUMPHREY & DAVIE AND LUTHER S. WILLIS FOR APPELLANTS.

1. Defendant's attempted plea of contributory negligence is insufficient, because it does not state that the alleged negligence of plaintiff was a cause of the injury.

2. This being a case of willful negligence on the part of the railroad company, there could be no plea of contributory negligence. (Claxton v. Lex. R. R., 13 Bush, 642; L. & N. R. R. v. McCoy, 81 Ky., 414; Jacobs v. L. & N. R. R., 10 Bush, 272.)

3. Notwithstanding the provisions of the bill of lading that the shipper should unload the horse, it was the duty of the railroad company to furnish a safe place for unloading; and having failed to do so, and having compelled appellants, over their protest, to unload the horse on an unfit and obviously unsafe platform, it is liable for the injury thereby occasioned.

4. The clause of the contract requiring notice in writing to be given to some agent of the company of the owners' intention to claim damages before the injured horse was removed from the place of injury, was satisfied by the fact that the agent of the company was present and saw the injury when it occurred.

5. The company's agent was present when the horse was injured, and was requested to examine the injuries, and did so; and at the company's suggestion a surgeon also examined the injuries, and the horse was removed by consent, and was brought back to Shelbyville by the company. As the only purpose of the notice was to give the company an opportunity to look into the cause and the extent of the injury, and as this purpose was fully accomplished, there was a waiver of the requirement of the written notice that there would be a claim of damages. (Jones v. Walker, 13 B. Mon., 165; Bishop on Contracts, sec. 1341.)

BARNETT, NOBLE & BARRNTT AND WILLIAM LINDSAY FOR APPELLEE.

Brief not accessible.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants, Owen and McKinney, being the *owners* of a valuable trotting horse, and desiring to exhibit him at the fair near Chicago, Illinois, in the month of September, in the year 1886, contracted with the appellee, the Louisville & Nashville Railroad Company, to carry the horse from Shelbyville, Ky., where the appellants lived, to the fair grounds at Chicago. It seems that the horse was seriously injured in taking him from the cars at the place of destination, the fair ·grounds, and the appellants instituted this action against the railroad company to recover damages for the injury sustained, alleging that it resulted from an insufficient and defective chute or platform, upon which the horse was required to walk in leaving the car, and from which he fell to the ground, crippling him, as the proof conduces to show, for life. The negligence and improper conduct of the agents of the company is also alleged in compelling the agent of the appellants to take the horse from the car on to such an unsafe platform, as one of the grounds of recovery.

The contract of shipment is, filed by the defendant, containing a stipulation by which it is agreed on the part of the shipper, *as a condition precedent* to his right of recovery for the loss or injury to stock, "*he* will give notice, in writing, of his claim thereof, to some officer of the party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from place of delivery of the same to the party of the second part, and before such stock is mingled with other stock."

As one of the defenses to the action, it was pleaded that this notice in writing had not been given, as provided by the contract; that the horse was delivered in good order to the agents of the plaintiff for unloading, *and in taking the horse from the cars the plaintiffs' agents, by their negligence, and by reason of the wildness and unruliness of the horse, suffered him to jerk, rear and fall; but he was not hurt or otherwise injured thereby.* There was no denial of the alleged negligence on the part of plaintiffs' agents in removing the horse from the car; and if this statement, by way of defense, is to be regarded as a plea of contributory negligence, the averment in this regard must stand admitted as true. The failure to give the written notice is admitted by the reply, and matters pleaded in avoidance that were deemed insufficient, or as not having been sustained by the testimony, and a non-suit ordered.

It is argued by counsel for the railroad company, that if the evidence introduced was such as should have been passed on by a jury, still the answer alleging contributory neglect being undenied, the non-suit was proper, and we will, therefore, consider, first, the sufficiency of this branch of the defense. The alleged injury is said by the plaintiff to have resulted from this defective platform, that was only ten feet in width, with no support or railing on either side, and the horse, by reason of this defect, fell from the platform and was injured. In answer to this complaint, is a traverse of the facts alleged, with the averment that the horse fell by reason of the negligence of the agent of the plaintiff, but was in no manner injured. While the

agent may have been negligent, it does not appear, nor is it alleged, that but for this negligence the horse would not have fallen from the platform; and all injury of any kind being denied, it seems to us the defense here interposed is not one of contributory negligence, and, therefore, no reply was required.

The appellee maintains that as gross negligence is alleged against the defendant, no plea of contributory neglect will be allowed; and cases are cited arising under the statute *authorizing the recovery of punitive damages* where the life of one is lost or destroyed by the willful neglect of another person, corporation or company, etc. This character or degree of neglect, and the recovery under it, is the creature of the statute, and not applicable to the loss or destruction of the property of one by reason of the neglect of another. In the latter class of cases the common law rule prevails, and whatever may be the degree of neglect alleged in the petition, whether gross or ordinary, the defense of contributory neglect may be pleaded; and if it appears that the injury would not have occurred but for the negligence of the party complaining, or the defendant could not, by the exercise of ordinary care, have avoided the result of the plaintiff's neglect, the plea of contributory neglect is made out; not so in an action to recover *punitive damages* under the statute, for the destruction of human life, by reason of willful neglect. In such a case, willful neglect must be established, and when made to appear, shows an absence of all care for the protection of the person whose life has been destroyed.

The principal inquiry in this case comes from that

Owen & McKinney v. Louisville & Nashville Railroad Company.

provision of the contract by which notice in writing is to be given by the shipper to some officer of the company or its nearest station agent, before the stock is removed from its place of destination, of his intention to claim damages for the injury sustained. We do not understand this clause of the contract as exempting this railroad company from liability, where the stock it undertakes to carry is injured by its negligence or that of its employes; but by its terms the shipper agrees that if his stock is injured, he will give the notice, in writing, of his purpose to claim damages before his stock is removed from its place of destination. The company, when obtaining such a notice, will have an opportunity of investigating, at once, the cause and extent of the injury, so as to adjust the claim, if proper; and if executed in good faith, this stipulation must result in a benefit to both the owner of the stock and the carrier. It is not an unreasonable stipulation, or one that the shipper cannot, in a reasonable time, comply with. (Goggin v. Kansas Pacific Railway, 12 Kansas, 416; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How., 344; Southern Express Co. v. Hunnicutt, 54 Miss. 566; Texas Central Railway v. Morris, 16 American and English Railroad Cases, 259.) The appellants having failed to give the notice, it follows that a recovery must be denied, unless the company has waived the notice, or its conduct has been such with reference to the matter in controversy as precludes it from now setting up the want of notice as a defense.

It is insisted by the appellant that the agent of the company had notice of the injury at the time the acci-

dent happened, and, therefore, it was unnecessary to notify that agent or any other in writing of the purpose to claim damages.

We have already adjudged that this stipulation is valid, and if the mere fact of knowledge on the part of those in charge of the train of the injury to the stock is held to be sufficient, it renders this clause a nullity; for it must be assumed that when such accidents occur those in charge of the train have a knowledge of that fact, and having such knowledge in every instance, the written notice may be dispensed with and this stipulation entirely ignored.

Under the contract between the parties, the appellee undertook to deliver the horse at the Chicago fair grounds, and in order to do this the shipment had to be made after leaving the line of appellee's road, over the road of the J., M. & I. R. R. Co.; this latter company undertaking, so far as this case is now presented, to deliver the horse at the place of destination for the appellee, the Louisville & Nashville Railroad Company. The agents and employes of the one road became the agents and employes of the other, in so far as it affected the transportation and delivery of the horse.

The horse was injured in the presence of those in charge of the train when unloading at the depot at the fair grounds, and the agent was invited to examine him at the place of the injury. In his crippled condition the horse was brought back from Chicago to Shelbyville on the same line of road, and delivered at the same depot from which the horse was originally shipped, and where the owners lived. The fact of the injury and of appellants' claim was not only known

to the officers and agents of the company, but an actual inspection or examination of the horse made, as the proof conduces to show, by a surgeon, at the instance of the company, skilled in the treatment of such injuries as the horse had received. The animal was, in fact, removed by those who had him in charge when being carried to Chicago, and brought back to Shelbyville when the injury occurred, and by that same company, and returned to the owners. This was in less than one month after the injury was received; and when this action was instituted the appellee, for the first time, alleged the failure of the owner to give the written notice mentioned in the contract. It was then too late to interpose such an objection. The opportunity was not only afforded the appellees of examining the horse, but, after being injured, he was returned by the same company to the owner in his crippled condition, and re-delivered at the depot from which he originally started. If, therefore, the agents of the Louisville & Nashville Railroad Company had notice of this injury and removed the horse, although at the instance of the owner, on their trains back to the owners at Shelbyville, the removal must be regarded as by the consent of both parties, and a waiver of the notice required by the contract. A reply, alleging this state of fact, having been filed, was a complete answer to this ground of defense.

Another stipulation of the contract required the appellants or their agents to unload the stock, and it is, therefore, insisted that a delivery of the horse at the fair grounds in the car was a compliance on the part of the company. The proof shows that the cars

of the appellee, or those of its agent, ran to the fair grounds, where there was a depot at which stock was delivered. There was no obligation on the part of the shipper, whether the destination was Chicago or the fair grounds, to provide a safe mode of delivery by having a platform suitable for the purpose of unloading stock. This obligation rested on the company, and if the agents of the company required appellants' agent to remove the horse from the car on a dangerous platform, one not ordinarily safe for the delivery of stock, and the horse was injured thereby, the company is responsible, although the agent of the owner may have been apprised of the danger.

If the platform was one suitable for the delivery of live stock, and the injury resulted from the negligence of the agents of the owners, the appellee can not be made to answer in damages.

While this court does not adjudge as to the question of negligence on the part of the appellees, that being a question for another tribunal, we think it manifest that, from the testimony introduced, the issue as to negligence should have been submitted to the jury.

We have failed to notice other defenses made and questions raised, and have considered only the points made in the court below, and in this court, that caused the peremptory instruction. All other questions made are left open.

The judgment below is reversed, and the cause remanded, with directions to award the appellants a new trial, and for proceedings consistent with this opinion.