No. 950.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. WIDMAN.

APPELLATE COURT PRACTICE.— *Appeal.*— *Dismissal of.* — *Supersedeas Brief.*—*Sufficiency of.*—*Filing.*—Where a supersedeas brief is sufficient to bring it within the requirements of rule 25 of the Appellate Court, containing several propositions relied upon for reversal, supported by argument and authority, and also a concise statement of the facts, and the transcript being properly referred to, such brief is sufficient to prevent a dismissal under rule 19 of this court, and the appellant has the right to afterwards file more extended and elaborate briefs.

From the Harrison Circuit Court.

*E. C. Field, W. S. Kinnan* and *M. Z. Stannard,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

DAVIS,. C. J.—The transcript of the record on this appeal, also what is designated as "supersedeas brief," were filed in the office of the clerk of the Supreme Court, who is *ex officio* the clerk of this court, section 1343, R. S. 1894, on the 31st of January, 1893.

The cause was submitted on the 6th of March.

On April 28, 1893, on application of counsel for appellant, the time given appellant to file its brief under the rules of this court was extended sixty days from May 4th, and on July 8th appellant filed a brief, and afterwards, on October 19th, filed copies of printed brief.

On January 2, 1894, appellee filed a motion to dismiss the appeal "for the reason that the appellant did not file. its brief within the time required by rule 19 of the rules of this court."

Under this rule, and the decision cited, *Murray* v. *Williamson,* 79 Ind. 287, appellee has the right to have the

Louisville, New Albany and Chicago Railway Company v. Widman.

appeal dismissed, unless the supersedeas brief is sufficient to bring it within the requirements of rule 25.

This brief embraces eight pages of type-written matter, and apparently refers by page and line to the transcript, wherever necessary to a full understanding of the questions discussed, and states concisely several propositions relied on for a reversal, supported by argument, and gives the titles of cases cited, together with the volumes and pages of the reports where they are found; also contains what appears to be a clear statement of the facts, and is, in form and substance, a compliance with the requirements of the rule, and as this brief was sufficient to prevent a dismissal the appellant had the right to afterwards file more extended and elaborate briefs.

The motion does not assign any other reason for the dismissal of the appeal, except the alleged failure to comply with the rule in relation to filing brief within the time prescribed. Complaint, it is true, is made in the affidavits and briefs in behalf of appellee in relation to the conduct of counsel for appellant in taking and keeping the record from the files of the clerk an unreasonable length of time, and for failure to return it or to deliver it to counsel for appellee, but no motion to dismiss the appeal was made during that time. Conceding, on the showing made, that counsel for appellant have not been either as prompt or courteous as the ethics of the profession require, such omission is largely explained on account of the illness of one and the oversight and inadvertence of the other.

It will suffice to say, in conclusion, that appellant so fully discussed some, at least, of the questions arising on the record in the supersedeas brief, that it was entitled, if no other brief had been filed, to have such questions, in so far as they are properly saved in, and presented by,

the record, considered and decided. *Louisville, etc., R. W. Co.* v. *Grantham,* 104 Ind. 353.

The motion to dismiss the appeal is overruled.

Filed Feb. 2, 1894.