Gavin, J.
The appellant sued appellee upon two limited-liability, live-stock contracts, alleging a failure *518 upon appellee’s part to safely carry and deliver the property shipped. A general averment of performance upon the part of appellant is contained in the pleading. Appellee answered by a general denial. Upon the trial a special verdict was returned, upon which judgment was entered over appellant’s exception. The correctness of this action by the trial court is the first question for consideration.
The law is well settled that in order to justify a judgment in favor of the party upon whom rests the burden of proof, every fact essential to his recovery must be found. If the verdict be silent as to any particular fact, it stands as though found against him upon whom rests the burden of proof. Elliott App. Proced., section 753; Sult v. Warren School Tp., 8 Ind. App. 655; Shipps v. Atkinson, 8 Ind. App. 505.
The contracts each provide that there shall be no liability unless a claim in writing, etc., be presented within ten days from the time of the removal of the stock from the car. The special verdict is entirely silent as to any such claim having ever been presented to appellee at any time.
The appellee insists that compliance with this provision is a prerequisite to appellant’s recovery, while appellant argues, 1st, that any failure to present the claim is matter of defense to be presented by answer, and, 2d, that the requirement is void and invalid as being unreasonable.
In behalf of this latter position no authority is cited. In support of the former we are referred to Western Union Tel. Co. v. Scircle, 103 Ind. 227, and Western Union Tel. Co. v. Jones, 95 Ind. 228, in the former of which cases the Supreme Court held that where a message blank contained a provision for nonliability in any case “where the claim is not presented within 60 days,” *519 tlie failure to present such claim must be pleaded specially, and was not admissible under the general denial.
It is to be noted, however, that these cases were suits to recover a statutory penalty for failure to send the message, and were not founded upon the message and its provisions as the basis of the action.
That such a provision as we are here considering (when reasonable) must be regarded as a condition precedent, performance of which must be alleged in order to make the complaint good was decided in United States Exp. Co. v. Harris, 51 Ind. 127, followed by this court in Widman v. Louisville, etc., R. W. Co., 9 Ind. App. 190.
To the same effect is Chicago, etc., R. R. Co. v. Simms, 18 Ill. App. 68.
In Westcott v. Fargo, 61 N. Y. 542, a different holding was made, the same rule being applied as is laid down in our telegraph cases. These telegraph cases, however, in no manner purport to modify or overrule the Harris case, which established the rule as to actions against common carriers on- the special contracts, and while the writer would be strongly disposed to view the question otherwise were it an open one, we do not feel justified in departing from the principle adopted by our Supreme Court in this class of cases.
In many of the States, the procedure seems different from ours, the suits being brought simply upon the general common carriers liability, the company then setting up the special contract with its limitations and conditions.
While common carriers can not, by contract, relieve themselves from liability for their' own negligence, it must be regarded as settled law that it is legitimate for the carrier, by contract with the shipper, to provide for a reasonable time within which notice of claim for loss *520 or damage shall be given as a condition of liability, and the manner of giving it. Widman v. Louisville, etc., R. W. Co., supra; United States Exp. Co. v. Harris, supra; Western Union Tel. Co. v. Jones, supra; Western Union Tel. Co. v. Scircle, supra; Jennings v. Grand Trunk R. W., etc., 127 N. Y. 438; Glenn v. Southern Exp. Co., 86 Tenn. 594; Southern Exp. Co. v. Caldwell, 21 Wall. 264; Armstrong v. Chicago, etc., R. W. Co., (Minn.) 54 N. W. Rep. 1059.
In all these cases the time fixed was thirty days or more, except in that in 127 N.Y. 438, where it was thirty-six hours, which was held unreasonable under the circumstances.
In the following cases the notice was required to be given before removal of the stock, and yet the requirement was deemed reasonable: Sprague v. Missouri Pac. R. W. Co., 34 Kan. 347; Western R. W. Co. v. Harwell, 91 Ala. 340; Selby v. Wilmington, etc., R. R. Co., 113 N. Car. 588; Wichita, etc., R. W. Co. v. Koch, 47 Kan. 753; Owen v. Louisville, etc., R. R. Co., 87 Ky. 626.
In Lewis v. Great Western R. W. Co., 5 H. & N. *867, the time was either three or seven days, it is somewhat difficult to determine which from the report.
In Dawson v. St. Louis, etc., R. W. Co., 76 Mo. 514, the notice was to be given in five days to the general freight agent.
In Black v. Wabash R. W. Co., supra, and Chicago, etc., R. W. Co. v. Simms, supra, a verified notice to the general freight agent within five days was adjudged a reasonable provision.
In Adams Exp. Co. v. Reagan, 29 Ind. 21; Southern Exp. Co. v. Caperton, 44 Ala. 101, 30 days from date, and in Pacific Exp. Co. v. Darnell, 6 S. W. Rep. 765, sixty days from date were held unreasonable, under the peculiar circumstances of the cases. These cases, *521 however, do not overthrow the proposition established by the numerous other authorities to which we have referred, which force us to the conclusion that the provision in this contract is, on its face, reasonable.
While strict performance may be waived, or the circumstances may be such as to excuse the party from the presentation of the claim within the time prescribed ( Western Union Tel. Co. v. Jones, supra (233); Merrill v. American Exp. Co., 62 N. H. 514), there is nothing in the facts of this case which would operate either as a waiver or excuse. Mere knowledge by the agents of the company, that the shipper claimed to have lost some of his stock, coupled with a search therefor along its right of way, was not a waiver. Owen v. Louisville, etc., R. R. Co., 87 Ky. 626.
It has also been adjudged that the reasonableness of the provision may depend upon the circumstances of the particular case, which may be such as to make the presentation of the claim a substantial performance, although not within the time limited, when the fact of the loss was not then known and the claim was made within a reasonable time after this fact became known, or in the exercise of reasonable diligence should have been ascertained. Louisville, etc., R. W. Co. v. Steele, 6 Ind. App. 183; Glenn v. Southern Exp. Co., supra; Western R. W. Co. v. Harwell, supra; Harned v. Missouri Pacific R. W. Co., 51 Mo. App. 482.
We are unable to see how the agreement made by the parties as to this fact can aid the verdict.
The agreement related merely to the establishment of the fact for use as evidence and was so interpreted by the parties, being offered in evidence by the appellant himself.
No question is presented by the motion for new trial, for the reason that it was presented too late, at the fol *522 lowing term of court after verdict rendered, the verdict not being returned on the last day of the term. Evansville, etc., R. R. Co. v. Maddux, 134 Ind. 571; section 570, R. S. 1894, section 561, R. S. 1881.
Filed Jan. 10, 1895.
Judgment affirmed.