THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY V. GEORGE J. MEANS *et al.*
No. 14,071.    (80 Pac. 604.)

Error from Woodson district court; OSCAR FOUST,
judge.    Opinion filed April 8, 1905.    Reversed.

*A. A. Hurd, O. J. Wood,* and *Hurd & Hurd,* for
plaintiff in error.
*T. J. Hudson,* for defendants in error.

*Per Curiam:* The Means brothers, who shipped cattle from
Kansas to Chicago over the Atchison, Topeka & Santa Fe rail-
way, claim damages by reason of negligent delay in the ship-
ment and delivery.   A condition of the contract was that the
shipper should give written notice to the company of any claim
for damages by reason of loss or injury to the stock before the

cattle were removed from the place of delivery, and before they were intermingled with other stock, and this notice was a condition precedent to a right of recovery. To a special question as to whether notice in writing was given to the company of the claim for damages before the cattle were removed from the station and stock-yards at Chicago the jury answered: "Yes, after the cattle were sold; but we don't know whether the cattle were removed or not." This answer is equivalent to a finding that no such notice was given before the cattle were removed. (*Railway Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953.)

As the giving of notice was a condition precedent to a recovery the burden necessarily fell upon the plaintiffs to prove it. The case, therefore, falls fairly within the decision of *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438. Following that case, it must be held that the contract provision was valid; that the burden of showing compliance with the condition as to notice rested upon the shippers; and that the finding of the jury that they did not know as to the removal of the cattle is to be treated as a negative answer, or that plaintiffs had failed in their proof. Having failed to show performance of the condition they must fail of recovery.

The judgment, therefore, is reversed and the cause remanded, with instructions to enter judgment in favor of the railway company.