[Civil No. 1145.   Filed April 2, 1910.]

[108 Pac. 480.]

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, a Corporation, Defendant and Appellant, v. G. H. COFFIN and W. C. BAYLESS, Copartners, Doing Business Under the Firm Name and Style of BAYLESS & COFFIN, Plaintiffs and Appellees.

1. CARRIERS — CARRIAGE OF LIVESTOCK — NOTICE OF CLAIM OF LOSS—VALIDITY.—A stipulation in a contract for the shipment of livestock, made in consideration of a reduced rate, requiring written notice by the shipper to some officer of the company or to the nearest station agent of the initial or delivering carrier, before the stock are removed or mingled with other stock, of any claim for loss or damage en route, is reasonable and valid in absence of a showing that it works hardship in the particular case.

2. SAME—SAME—ACTIONS FOR LOSS—COMPLAINT—ALLEGING PERFORM-
ANCE OF CONDITIONS PRECEDENT—NOTICE OF CLAIM OF INJURY.—
Since a stipulation in a contract for the carriage of livestock, requir-
ing notice of claim of loss to be given the carrier before the stock
are removed or mingled, is valid if reasonable in the particular case,
in an action against the carrier for loss en route, the complaint
should allege the giving of such notice if the stipulation is not in-
valid as a matter of law, or allege facts showing that it would work
hardship in the particular case so as to excuse nonperformance.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for Yavapai County. Ed-
ward M. Doe, Judge. Reversed and remanded, with instruc-
tions to sustain demurrer to complaint.

The facts are stated in the opinion.

Paul Burks and Norris & Ross, for Appellant.

The complaint is wholly insufficient, because it fails to
allege who was at any time the owner of the sheep which
were being transported. *Butler* v. *Railway Co.*, 18 Ind. App.
656, 46 N. E. 92. Even when the action sounds only in
tort, an affirmative allegation of ownership or some other
allegation sufficient to show the right to recover damages for
goods to which the title is presumed to have passed from
the consignor to the consignee must be set out in the com-
plaint. *Pennsylvania Ry. Co.* v. *Clark*, 2 Ind. App. 146, 27
N. E. 586; *United States Mail Line* v. *Manufacturing Co.*, 101
Ky. 658, 42 S. W. 342. The complaint is wholly insufficient
because it fails to allege that plaintiffs complied with the pro-
vision for written notice contained in the eighth clause of
the contract set out in the complaint, or to plead a valid
excuse for noncompliance. "The company is entitled to a
written notice that the shipper claims damages so as to permit
it to have a thorough investigation made of the nature of the
claim and the condition of the stock before the stock is re-
moved from its premises . . . or mingled with other stock so
as to make identification difficult." *Railway Co.* v. *Critten-
den*, 4 Kan. App. 512, 44 Pac. 1000. "If the plaintiff's right
depends upon a condition precedent, he must allege and prove
the fulfillment of the condition or a legal excuse for its
nonfulfillment. And if he omits such allegations, his com-

plaint, declaration or petition will be bad on demurrer." 6
Cyc., "Carriers," 699; 9 Cyc., "Contract," 719; *Trust Co.*
v. *Railway Co.,* 107 Fed. 632.

E. S. Clark, J. E. Russell and H. H. Linney, for Appellees.

"The material allegations in an action against a carrier
for loss of or injury to the goods are (1) ownership of plain-
tiff, or such other connection with the transaction as to entitle
him to sue." 6 Cyc. 515. "It is unreasonable in requiring
the shipper to retain his stock at the place of destination or
delivery, unmingled with other stock, until the written notice
shall have been given. It is void, because it undertakes to
protect the carrier from losses occasioned by his own fault, by
imposing an unreasonable and difficult duty on the shipper as
a condition precedent to his right to suit; and that, too, when
that duty is to communicate facts as well or better under-
stood by the corporation than the shipper. Such notice can-
not possibly serve any good purpose, and will not be tolerated
to entrap." *Smitha* v. *Louisville & N. R. Co.,* 86 Tenn. 198,
6 S. W. 209; *Coles* v. *Louisville etc. R. Co.,* 41 Ill. App. 607;
*Galveston etc.* v. *Shirt* (Tex. Civ. App.), 25 S. W. 142.

CAMPBELL, J.—This action was brought to recover dam-
ages alleged to have been caused by the negligence of the
railroad company in transporting sheep from Del Rio, Arizona,
to Kansas City, Missouri. The complaint sets forth that the
sheep were transported according to the terms of a bill of
lading, a copy of which is attached to the complaint and made
a part thereof. The instrument so attached is a special ship-
ping contract, which recites that the shipper assents to its
terms in order to obtain the lower of two rates, and is signed
by the consignor. The eighth clause of this contract pro-
vides: "In order that any loss or damage to be claimed by
the shipper may be fully and fairly investigated and the fact
and nature of such claim or loss preserved beyond dispute and
by the best evidence, it is agreed that as a condition precedent
to his right to recover any damages for any loss or injury
to his said stock during the transportation thereof, or at any
place or places where the same may be unloaded or loaded for
any purpose on the company's road, or previous to the loading
thereof for shipment, the shipper or his agent in charge of

the stock will give notice in writing of his claim therefor to some officer of said company, or to the nearest station agent, or, if delivered to consignee at a point beyond the company's road, to the nearest station agent of the last carrier making such delivery, before such stock shall have been removed from the place of destination above mentioned, or from the place of the delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not move such stock from such station or stockyards until the expiration of three hours after the giving of such notice; and a failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages. . . ."

The complaint does not allege any notice of loss or injury to the sheep given prior to the time they were intermingled with other stock. The defendant demurred to the complaint upon the ground, among others, that it appeared therefrom that the giving of notice under the eighth clause of the contract sued upon was a condition precedent to the maintenance of plaintiff's action, and the giving of such notice should therefore be alleged. The demurrer was overruled. The case went to trial, and at the close of plaintiff's evidence, notice not having been proven, the defendant moved the court to direct a verdict in its favor. This motion was denied. The court was then asked to instruct the jury that such notice was necessary, and that unless it was shown to have been given they must find for the defendant. The court declined to give this instruction. A verdict was returned in favor of the plaintiff, and from the judgment entered thereon, and from the ruling of the court denying a new trial, this appeal is brought.

The assignments of error requiring our attention raise the question as to the necessity of pleading and proving the notice required by the eighth clause of the contract. The trial court, it appears, held the stipulation contained in this clause to be unreasonable. The action is brought upon the contract. The performance of the condition is not alleged, nor is any excuse shown for nonperformance. If it may be said as a matter of law that the stipulation is invalid, it is not necessary that the complaint should contain the allegations indicated, but if it may not be so said, then it would seem

logically to follow that where, as here, the action is based
upon the special contract, the complaint should either show
performance or excuse for nonperformance. *World's Fair
Min. Co.* v. *Powers,* 12 Ariz. 285, 100 Pac. 957. Authority is
not lacking upon the precise point here involved. "If the
stipulation is valid, then the giving of notice in accordance
with its requirements is a condition precedent to recovery by
the owner, and compliance or excuse for noncompliance should
be alleged." 6 Cyc. 506.

In *Case* v. *Railroad Co.,* 11 Ind. App. 517, 39 N. E. 426,
where ₐa stipulation to give notice was involved, it is said:
"That such a provision as we are considering, where reason-
able, must be regarded as a condition precedent, performance
of which must be alleged to make the complaint good, was
decided in *Express Co.* v. *Harris,* 51 Ind. 127, followed by
this court in *Railroad Co.* v. *Widman,* 9 Ind. App. 190, 36
N. E. 370. To the same effect is *Railroad Co.* v. *Simms,* 18
Ill. App. 68."

In *Metropolitan Trust Co.* v. *Railroad Co.* (C. C.), 107 Fed.
628, the court had under consideration a stipulation in a ship-
ping contract, providing for notice of damage. The court
says: "In the complaint there is no allegation that the peti-
tioner made a claim in writing, verified by affidavit, and de-
livered the same to some proper officer or agent of the receiver,
Hunt. Nor does the complaint show any waiver or excuse
for a failure so to do. An averment showing the making of
the claim under oath, and the delivery of it, as required by
the contract, is a condition precedent, and is necessary to con-
stitute a good cause of action." See, also, *Osterhoudt* v.
*Southern Pacific Co.,* 47 App. Div. 146, 62 N. Y. Supp. 134,
*Kalina* v. *Railroad Co.,* 69 Kan. 172, 76 Pac. 438, *A., T. &
S. F. Ry. Co.* v. *Means,* 71 Kan. 845, 80 Pac. 604, and *St.
Louis & S. F. Ry. Co.* v. *Pearce,* 82 Ark. 353, 118 Am. St.
Rep. 75, 101 S. W. 760.

Stipulations in shipping contracts, requiring notice to be
given of loss or damage to livestock before permitting the
stock to be intermingled with other stock, have been upheld
as reasonable in cases too numerous to cite here. They have
been collected in exhaustive notes in the ninth and fourteenth
volumes of the American and English Annotated Cases, at
pages 17 and 416, respectively. In some states, such stipula-

tions have been held invalid as an attempt upon the part of the carrier to limit its common-law liability. There are cases in which particular stipulations, involving uncertainty as to the agent of the company to whom notice was to be given, have been held unreasonable; and, generally, where to give effect to the stipulation would serve to work a hardship upon the shipper, it is held inapplicable. Many of the cases cited by appellee are of the character first indicated. But it has been held by the supreme court of the United States, by whose views upon the subject we are bound, that stipulations requiring notice of damage do not limit the common-law liability of the carrier, and, when reasonable, are valid. *Express Co.* v. *Caldwell,* 21 Wall. 264, 22 L. Ed. 556; *The Queen of the Pacific,* 180 U. S. 49, 21 Sup. Ct. 278, 45 L. Ed. 419. By the great weight of authority such a stipulation as the one involved in this case is held to be reasonable, in the absence of a showing that in the particular case it serves to work a hardship. In the *Queen of the Pacific, supra,* the court say: "The question is whether under the circumstances of the particular case, the requirement be a reasonable one or not." Again, in discussing an opinion of the supreme court of Texas, in which that court held a stipulation unreasonable, it is said: "The court seemed to assume that the stipulation imposed a restriction which in many cases would deny a right of action, and thereby permit the carrier to contract against his negligence, which is never allowed. The opinion seems to have gone off upon the point that, while the notice as applied to the facts might have been reasonable, it would be unreasonable when applied to a different state of facts. It is unnecessary to say that if, under the circumstances of a particular case, the stipulation were unreasonable, or worked a manifest injustice to the libelants, we should not give it effect."

The purpose of the stipulation is to prevent fraud upon the carrier, to enable the carrier to investigate the claim of the shipper, and, if proper, to adjust it at once. As is said in *Owen* v. *Railroad Co.,* 87 Ky. 626, 9 S. W. 698: "If executed in good faith, this stipulation must result in a benefit to both the owner of the stock and the carrier."

It follows that a stipulation which is not inherently unreasonable, but which is unreasonable when applied to a certain state of facts, should be met in the complaint by a recital of

those facts which would make its application to the case unreasonable, as an excuse for nonperformance; and, in the absence of such a statement of facts, the complaint should be held bad. .We are of the opinion that the court erred in overruling the demurrer to the complaint in this case. The judgment of the trial court is therefore reversed, and the case is remanded to the district court, with instructions to sustain the demurrer; costs in both courts to be paid by appellees.

. KENT, C. J., and LEWIS, J., concur. DOAN, J., did not participate in the decision of this case.

NOTE.—As to removal of livestock from carrier's premises before notice of claim for damages, where such notice is given in time for examination, see note to *Missouri etc. R. Co.* v. *Davis* (Okl.), 24 L. R. A., N. S., 866.